### GITTERMAN & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. February 26, 1907.)

#### No. 4,033.

CUSTOMS DUTIES—CLASSIFICATION—FIGURED COTTON CLOTH—DOTTED GOODS.

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 313, 30 Stat. 178 [U. S. Comp. St. 1901, p. 1659], for "cotton cloth in which other than the ordinary warp and filling threads have been introduced in the process of weaving to form a figure," includes goods having dots produced by warp threads which on the back of the fabric hang loosely between the dots, and which add no strength to the cloth, but may be removed without leaving a visible vacancy.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below affirmed the assessment of duty by the collector of customs at the port of New York. The case involves the construction of Tar-

'iff Act July 24, 1897, c. 11, § 1. Schedule I, par. 313, 30 Stat. 178 [U. S. Comp. St. 1901, p. 1659], which reads as follows:

"313. Cotton cloth in which other than the ordinary warp and filling threads have been introduced in the process of weaving to form a figure, whether known as lappets or otherwise, and whether unbleached, bleached, dyed, colored, stained, painted, or printed, shall pay, in addition to the duty herein provided for other cotton cloth of the same description, or condition, weight, and count of threads to the square inch, one cent per square yard if valued at not more than seven cents per square yard, and two cents per square yard if valued at more than seven cents per square yard."

Walden & Webster (Henry J. Webster, of counsel), for importers.
J. Osgood Nichols, Asst. U. S. Atty.

HOUGH, District Judge. Certain cotton cloth having been assessed for duty under paragraph 313 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule I, 30 Stat. 178 [U. S. Comp. St. 1659]), an appeal has been taken from the decision of the General Appraisers affirming such assessment. The material is cotton cloth of a fancy weave, showing colored dots at regular intervals. The dots are produced by warp threads showing on the face of the cloth to produce the dots, and on the reverse side looking like long stitches or "basting threads."

Paragraph 313 has been held "to describe and include cotton cloth in which there is a separate and an extra thread; that is, a thread not introduced for the purpose of the ordinary manufacture of plain cloth, but introduced in or during the process of weaving for the sole purpose of forming figures, and which does not in any way enter into the structural part of the goods, but is for ornamental purposes, and without which the fabric would have been a completed fabric." Mills v. United States, 114 Fed. 257, 52 C. C. A. 92. If the colored threads appearing in the goods under discussion be removed, the fabric is obviously complete. The only thing missing or wanting is the variegated effect produced by these threads, which add no strength to the fabric and may be removed without leaving a vacancy perceptible on ocular investigation. In my opinion this cloth is entirely within the ruling in the case last cited.

The importers place reliance upon G. A. 4,639 (T. D. 21,940), and have produced in court the exhibit held in that decision not to be within paragraph 313. I am unable to see that the goods under consideration in the two cases are alike. The difference is one of degree, to be sure, but, in the exhibit produced, the colored threads are an integral portion of the cloth, although colored. They are truly "ordinary warp" threads and contribute to the strength of the cloth. Such is not the case here. If I am wrong in believing the exhibit in T. D. 21,940 as containing only ordinary colored warp threads, then I think that that decision was wrong.

The decision of the General Appraisers is affirmed.